| | |
|---|---|
| Mark A. Bailey, Esq., WSBA #26337<br>Beresford Booth PLLC<br>145 Third Avenue South, Ste. 200<br>Edmonds, WA 98020<br>Phone (425) 776-4100<br>Fax (425) 776-1700<br>Attorney for U.S. Bank National Association,<br>as Trustee, on behalf of the holders of<br>Adjustable Rate Mortgage Trust 2007-2<br>Adjustable Rate Mortgage-Backed Pass-<br>Through Certificates, Series 2007-2, and<br>its loan servicing agent, Select Portfolio<br>Servicing, Inc. | The Honorable Patricia C. Williams<br>Chapter 7<br>Response Date: January 14, 2011 |

## UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF WASHINGTON
## AT SPOKANE

| | |
|---|---|
| In re:<br><br>ANGELA UKPOMA,<br><br>      Debtor. | NO. 10-06815<br><br>**MOTION FOR RELIEF FROM STAY AND ABANDONMENT OF REAL PROPERTY AND DISTRICT COURT LAWSUIT** |

  Secured creditor U.S. Bank National Association, as Trustee, on behalf of the Holders of Adjustable Rate Mortgage Trust 2007-2 Adjustable Rate Mortgage-Backed Pass Through Certificates, Series 2007-2 (the "Trust"), and its loan servicing agent, Select Portfolio Servicing, Inc. ("SPS"), move this Court for an order terminating the automatic stay of 11 U.S.C. §362(a) so they may commence and continue all acts necessary to enforce and foreclose the Trust's security interest under its deed of trust on the Debtor's real property located at 1123 Highway 395 North, Kettle Falls, Washington 99141. SPS

MOTION FOR STAY RELIEF - 1

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

also seeks a comfort order for relief from stay for SPS to proceed with its motion for dismissal and otherwise defend claims asserted in an unscheduled pre-petition lawsuit, commenced by the Debtor a week before this Chapter 7 was filed, in the United States District Court for the Eastern District of Washington, entitled *Ukpoma v. Select Portfolio Servicing, Inc.*, Case No. 10-00420-LRS (the "District Court Lawsuit"). The Trust and SPS also request an order directing the Chapter 7 Trustee to abandon the Real Property and the District Court Lawsuit under 11 U.S.C. §554(a).

## STATEMENT OF FACTS

The debtor, Angela Ukpoma (the "Debtor") owns residential real property located at 1123 Highway 395 North, Kettle Falls, Washington 99141, and legally described as follows:

> Parcel No. 1700800:
>
> The W1/2 of the W1/2 of the W1/2 of the NW1/4 of the SW1/4, lying Southwest of Primary State Highway No. 3, in Section 13, Township 36 North, Range 37 East W.M., in Stevens County, Washington.
>
> EXCEPT that portion conveyed to the State of Washington for PSH No. 395 by Deed recorded August 1, 1980, under Auditor's File No. 498482.
>
> Together with that portion of the NW1/4 of the SW1/4 of the SW1/4, lying Northerly of the centerline of private easement road as shown and described in the Mutual Easement recorded May 4, 1982, in Volume 71, page 1514, under Auditor's File No. 516419, in Section 13, Township 36 North, Range 37 East, W.M., in Stevens County, Washington.
>
> EXCEPT commencing at the Northwest corner of the SW1/4 of the SW1/4 of said Section 13; thence North

MOTION FOR STAY RELIEF - 2

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

10-06815-PCW7    Doc 9    Filed 12/27/10    Entered 12/27/10 16:48:58    Pg 2 of 15

86°03' East along the North line of the said SW1/4 of the SW1/4, 170.00 feet to the True Point of Beginning; thence South 02°49' East 209.00 feet; thence North 86°03' East 209.00 feet; thence North 02°49' West 209.00 feet; thence South 86°03' West 209.00 feet to the True Point of Beginning.

ALSO EXCEPT beginning at a point 379.00 feet East of the Northwest corner of said NW1/4 of the SW1/4 of the SW1/4 of said Section 13; thence East 281.00 feet along the East line of said subdivision to the Northeast corner thereof; thence South 660.00 feet along the East line of said subdivision; thence West 660.00 feet along the South line of said subdivision; thence North 451.00 feet along the West line of said subdivision; thence East parallel with the South line of said subdivision 379.00 feet; thence North parallel with the East line of said subdivision 209.00 feet to the Point of Beginning.

(the "Property"), subject to a note and deed of trust securing a lien on the Property.

The Debtor's mortgage obligations arise under an Adjustable Rate Note dated December 13, 2006, pursuant to which she agreed to pay $252,000 plus interest in installments of $1,575 per month to her original lender, Credit Suisse Financial Corporation (the "Original Lender"). *See* the supporting Declaration of Diane Weinberger dated December 22, 2010, filed herewith (the "Weinberger Declaration"), at Exhibit A. The Note was secured by a Deed of Trust on the Property, which was duly recorded in Stevens County on December 21, 2006, under Stevens County Auditor's File No. 2006 0015510. Weinberger Declaration, Exhibit B.

MOTION FOR STAY RELIEF - 3

BERESFORD ♦ BOOTH PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

All of the lender's right, title, and interest under the Note and Deed of Trust are now owned by the Trust, pursuant to a March 17, 2008, Corporate Assignment of Deed of Trust, which was duly recorded in Stevens County on April 15, 2008, under Stevens County Auditor's File No. 2008 000259. Weinberger Declaration, Exhibit C.

SPS is a loan servicer, and has serviced the Debtor's mortgage loan since December 2006. The Debtor made monthly payments of $1,575 until September 2007, but has made no further payments since September 6, 2007. Weinberger Declaration, ¶8.

Before this Chapter 7 case was filed, SPS initiated foreclosure proceedings, and a trustee's sale was duly scheduled for December 3, 2010. Weinberger Declaration, ¶9. The Debtor filed the District Court Lawsuit against SPS on December 1, 2010. Weinberger Declaration, ¶10. On December 8, 2010, the Debtor filed her petition for relief under Chapter 7.

This is not the first time the Debtor has used bankruptcy to forestall foreclosure of the Property by the Trust. The Trust first commenced foreclosure proceedings in 2008, and a trustee's sale was scheduled for June 6, 2008. On May 14, 2008, the Debtor filed a Chapter 7 petition in this Court (Case No. 08-01899-PCW). The Trust filed a motion for relief from stay in the previous Chapter 7, and this Court entered an Order terminating the automatic stay and abandoning the Property from the estate on June 26, 2008. That Chapter 7 case was then dismissed on August 1, 2008. The Debtor also filed a Chapter 13 petition on July 18, 2008 (Case No. 08-02814-PCW). The Chapter 13 was dismissed without plan confirmation on motion on October 21, 2008.

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

The Debtor has made no mortgage payments since before the last stay relief order was entered in her previous Chapter 7. As before, she still has no equity in the Property. SPS obtained a Broker's Price Opinion on the Property dated June 9, 2010, with a value of $212,500. Weinberger Declaration, ¶14. As of December 27, 2010, the total secured loan payoff owed by the Debtor was $350,563.70. Weinberger Declaration ¶15. The Debtor's schedules, filed on December 22, 2010, also show the lack of equity, listing the Property with a value of $250,000 and secured claims of $610,862.88 against the Property. *See* Schedule A.

Out of concern for avoiding a default order, SPS has proceeded to file a responsive pleading in the District Court Action. A copy of SPS's Motion to Dismiss is attached to the Weinberger Declaration as Exhibit I).

The Debtor did not list her claims in the District Court Lawsuit in her bankruptcy schedules.

## LEGAL AUTHORITIES AND ARGUMENT

**1.    The Stay Should be Terminated as to the Property, and the Property Should be Abandoned.**

Pursuant to 11 U.S.C. §362(d)(1), the Court shall grant relief from stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" Adequate protection in this case would require normal and periodic cash payments, as called for by the Note, plus the repayment of all delinquent amounts owed to the Trust, including all attorneys' fees and costs incurred in filing this motion. The Debtor has failed to make any of her monthly $1,575 mortgage payments for 39 months. There is no probability that the Debtor can provide adequate protection to the Trust.

MOTION FOR STAY RELIEF - 5

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

10-06815-PCW7    Doc 9    Filed 12/27/10    Entered 12/27/10 16:48:58    Pg 5 of 15

Alternatively, the Court shall grant relief "with respect to a stay of an act against property under subsection (a) of this section, if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization[.]" 11 U.S.C. §362(d)(2). The automatic stay should be terminated because the Debtor has no equity (as confirmed in her bankruptcy schedules), and, since this is a Chapter 7 proceeding, there is no reorganization at issue.

Secured creditors with liens on any real property are also entitled to stay relief if the court finds that the debtor filed for bankruptcy as part of a "scheme to delay, hinder, and defraud creditors" that involves "multiple bankruptcy filings affecting such real property." §362(d)(4)(B). The Debtor's second round of filing for bankruptcy on the eve of foreclosure is just such a scheme. This Court should terminate the stay pursuant to §362(d)(4).

The Property should also be abandoned because it is burdensome and of inconsequential value and benefit to the estate, pursuant to 11 U.S.C. §554.

For each of these reasons, this Court should terminate the automatic stay and abandon the Property as an asset of the estate, to allow the Trust and SPS to proceed with foreclosure of the Deed of Trust on the Property.

**2. The Stay Should be Terminated as to the District Court Lawsuit, and the Debtor's Claims Should be Abandoned.**

The filing of a petition in bankruptcy creates an estate that generally includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). Any causes of action that accrue to the debtor prior to filing the bankruptcy petition are property interests included in the estate. *Integrated Solutions, Inc. v. Service Support*

MOTION FOR STAY RELIEF - 6

BERESFORD ♦ BOOTH PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

10-06815-PCW7    Doc 9    Filed 12/27/10    Entered 12/27/10 16:48:58    Pg 6 of 15

*Specialties, Inc.,* 124 F.3d 487, 491 (3d Cir.1997); *Cain v. Hyatt,* 101 B.R. 440, 441-42 (E.D.Pa.1989); *Miller v. Shallowford Community Hospital, Inc.*, 767 F.2d 1556 (11th Cir. 1985) ("property of the estate" generally includes causes of action); *In re Shore Air Conditioning*, 18 B.R. 643 (Bankr. D.N.J. 1982). After a claim becomes property of the estate, only the bankruptcy trustee, as representative of the estate, has the authority to prosecute or settle the cause of action. *Chrysler Credit Corp. v. B.J.M., Jr., Inc.,* 834 F. Supp. 813, 839 (E.D.Pa.1993); *Cain,* 101 B.R. at 442. *See Sender v. Simon,* 84 F.3d 1299, 1305 (10th Cir.1996) (holding that a bankruptcy estate includes "causes of action belonging to the debtor at the commencement of the bankruptcy case"); *Wieburg v. GTE Sw. Inc.,* 272 F.3d 302, 305-308 (holding that the trustee is the real party in interest and has exclusive standing to assert pre-petition claims).

There can be no dispute that the Debtor's claims asserted in the District Court Action accrued before her bankruptcy petition was filed. Once the Debtor commenced her bankruptcy case, her claims in the already-pending District Court Lawsuit became the property of her bankruptcy estate.

SPS needs to defend its rights in the District Court Lawsuit, which was filed on December 1, 2010, and accordingly filed a motion to dismiss as a responsive pleading to the Debtor's Complaint. SPS seeks a comfort order lifting the stay, though technically it is not a violation of the automatic stay to defend a pre-petition lawsuit filed by the Debtor. *See In re Way*, 229 B.R. 11 (B.A.P. 9th Cir. 1998); *White v. City of Santee (In re White)*, 186 B.R. 700 (B.A.P. 9th Cir. 1995). This Court should terminate the automatic stay as to the District Court Lawsuit, and enter an order abandoning the claims asserted

MOTION FOR STAY RELIEF - 7

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

10-06815-PCW7    Doc 9    Filed 12/27/10    Entered 12/27/10 16:48:58    Pg 7 of 15

by the Debtor in the District Court Action, so there can be no questioning SPS's ability to proceed to seek an order of dismissal or otherwise defend its legal rights in the District Court Lawsuit.

## CONCLUSION

This court should enter an order abandoning and terminating the automatic stay as to both the Property and the District Court Lawsuit.

The undersigned further requests that the 14 day stay on the effective date of orders for stay relief, as provided in Rule 4001(a)(3), be waived.

A proposed Order is attached as Exhibit 1.

DATED this 27th day of December, 2010.

/s/ Mark A. Bailey
Mark A. Bailey, WSBA No. 26337
BERESFORD BOOTH PLLC
145 Third Ave. S, Suite 200
Edmonds, WA 98020
(425) 776-4100
Facsimile: (425) 776-1700
markb@beresfordlaw.com
*Attorney U.S. Bank National Association, as Trustee, on behalf of the holders of Adjustable Rate Mortgage Trust 2007-2 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2007-2, and its loan servicing agent, Select Portfolio Servicing, Inc.*

MOTION FOR STAY RELIEF - 8

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all participants of the CM/ECF system:

Bruce R. Boyden (Trustee)
BRBat509@aol.com
WA01@ecfcbis.com

US Trustee
USTP.REGION18.SP.ECF@usdoj.gov

I further certify that the foregoing was mailed via U.S. Mail to the following:

Angela Ukpoma
P.O. Box 1075
Kettle Falls, WA 99141

Angela Ukpoma
1123 Highway 395 North
Kettle Falls, Washington 99141

MOTION FOR STAY RELIEF - 9

BERESFORD ♦ BOOTH PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

10-06815-PCW7    Doc 9    Filed 12/27/10    Entered 12/27/10 16:48:58    Pg 9 of 15

| | |
|---|---|
| 1 | DATED this 27th day of December, 2010, at Edmonds, Washington. |
| 2 | |
| 3 | /s/ Mark A. Bailey |
| 4 | Mark A. Bailey<br>BERESFORD BOOTH PLLC |
| 5 | 145 Third Ave. S, Suite 200 |
| 6 | Edmonds, WA  98020 |
| 7 | (425) 776-4100<br>Facsimile: (425) 776-1700 |
| 8 | markb@beresfordlaw.com<br>*Attorney U.S. Bank National* |
| 9 | *Association, as Trustee, on behalf of* |
| 10 | *the holders of Adjustable Rate*<br>*Mortgage Trust 2007-2 Adjustable* |
| 11 | *Rate Mortgage-Backed Pass-Through* |
| 12 | *Certificates, Series 2007-2, and its*<br>*loan servicing agent, Select Portfolio* |
| 13 | *Servicing, Inc.* |

MOTION FOR STAY RELIEF - 10

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

10-06815-PCW7    Doc 9    Filed 12/27/10    Entered 12/27/10 16:48:58    Pg 10 of 15

# EXHIBIT 1

10-06815-PCW7    Doc 9    Filed 12/27/10    Entered 12/27/10 16:48:58    Pg 11 of 15

| | |
|---|---|
| Mark A. Bailey, Esq., WSBA #26337<br>Beresford Booth PLLC<br>145 Third Avenue South, Ste. 200<br>Edmonds, WA 98020<br>Phone (425) 776-4100<br>Fax (425) 776-1700<br>Attorney for U.S. Bank National Association,<br>as Trustee, on behalf of the holders of<br>Adjustable Rate Mortgage Trust 2007-2<br>Adjustable Rate Mortgage-Backed Pass-<br>Through Certificates, Series 2007-2, and<br>its loan servicing agent, Select Portfolio<br>Servicing, Inc. | The Honorable Patricia C. Williams<br>Chapter 7 |

# UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| In re:<br><br>ANGELA UKPOMA,<br><br>              Debtor. | NO. 10-06815<br><br>[PROPOSED]<br><br>**ORDER GRANTING RELIEF FROM STAY AND ABANDONMENT OF REAL PROPERTY AND DISTRICT COURT LAWSUIT** |

This matter came before the Court on the Motion for Relief from Stay and Abandonment of Real Property and District Court Lawsuit, filed on December 27, 2010 (the "Motion"), by secured creditor U.S. Bank National Association, as Trustee, on behalf of the Holders of Adjustable Rate Mortgage Trust 2007-2 Adjustable Rate Mortgage-Backed Pass Through Certificates, Series 2007-2 (the "Trust"), and its loan servicing agent, Select Portfolio

ORDER - 1

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

Servicing, Inc. ("SPS"). Based upon the Motion, and upon consideration of the pleadings, papers and evidence presented, the Court finds that termination of the automatic stay is appropriate for cause, including the lack of adequate protection of the Trust's interest in the below-described real property, because the Debtor does not have equity in the real property, which is not necessary to an effective reorganization, and because the filing of this Chapter 7 was part of a scheme to delay, hinder, and defraud creditors that involves multiple bankruptcy filings affecting such real property. NOW, THEREFORE, IT IS HEREBY

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that, pursuant to 11 U.S.C. §§362(d)(1), (2) and (4)(B), the automatic stay is terminated as to the Debtor's real property located at 1123 Highway 395 North, Kettle Falls, Washington 99141, legally described as follows:

> Parcel No. 1700800:
>
> The W1/2 of the W1/2 of the W1/2 of the NW1/4 of the SW1/4, lying Southwest of Primary State Highway No. 3, in Section 13, Township 36 North, Range 37 East W.M., in Stevens County, Washington.
>
> EXCEPT that portion conveyed to the State of Washington for PSH No. 395 by Deed recorded August 1, 1980, under Auditor's File No. 498482.
>
> Together with that portion of the NW1/4 of the SW1/4 of the SW1/4, lying Northerly of the centerline of private easement road as shown and described in the Mutual Easement recorded May 4, 1982, in Volume 71, page 1514, under Auditor's File No. 516419, in Section 13, Township 36 North, Range 37 East, W.M., in Stevens County, Washington.

ORDER - 2

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

10-06815-PCW7    Doc 9    Filed 12/27/10    Entered 12/27/10 16:48:58    Pg 13 of 15

| | |
|---|---|
| 1 | EXCEPT commencing at the Northwest corner of the SW1/4 of the SW1/4 of said Section 13; thence North 86°03' East along the North line of the said SW1/4 of the SW1/4, 170.00 feet to the True Point of Beginning; thence South 02°49' East 209.00 feet; thence North 86°03' East 209.00 feet; thence North 02°49' West 209.00 feet; thence South 86°03' West 209.00 feet to the True Point of Beginning. |

ALSO EXCEPT beginning at a point 379.00 feet East of the Northwest corner of said NW1/4 of the SW1/4 of the SW1/4 of said Section 13; thence East 281.00 feet along the East line of said subdivision to the Northeast corner thereof; thence South 660.00 feet along the East line of said subdivision; thence West 660.00 feet along the South line of said subdivision; thence North 451.00 feet along the West line of said subdivision; thence East parallel with the South line of said subdivision 379.00 feet; thence North parallel with the East line of said subdivision 209.00 feet to the Point of Beginning.

(the "Property"); and it is further

**ODERED** that the automatic stay is also terminated as to the Debtor's claims asserted in an unscheduled pre-petition lawsuit, commenced by the Debtor a week before this Chapter 7 was filed, in the United States District Court for the Eastern District of Washington, entitled *Ukpoma v. Select Portfolio Servicing, Inc.*, Case No. 10-00420-LRS (the "District Court Lawsuit"); and it is further

**ORDERED** that the Property and the District Court lawsuit is hereby abandoned from the estate; and it is further

**ORDERED** that the 14-day stay under Fed. R. Bankr. P. 4001(a)(3) is waived.

ORDER - 3

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

10-06815-PCW7    Doc 9    Filed 12/27/10    Entered 12/27/10 16:48:58    Pg 14 of 15

So ordered this \_\_\_\_\_ day of _____, 2011.

_____
Honorable Patricia C. Williams
United States Bankruptcy Judge

Presented by:

/s/ Mark Bailey
Mark Bailey, WSBA #26337
BERESFORD BOOTH PLLC
145 Third Ave. S, Suite 200
Edmonds, WA 98020
(425) 776-4100
Facsimile: (425) 776-1700
markb@beresfordlaw.com
*Attorney U.S. Bank National Association as Trustee, on behalf of the holders of Adjustable Rate Mortgage Trust 2007-2 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2007-2, and its loan servicing agent, Select Portfolio Servicing, Inc.*

ORDER - 4